■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DAVIS, Appellant.—Judgment, Supreme Court, New York County (Alfred H. Kleiman, J.), rendered May 1, 1987, convicting defendant of assault in the first degree, and sentencing him to a term of imprisonment of 3 to 9 years, and an order of the same court, entered August 17, 1988, denying defendant's CPL article 440 motion to set aside the judgment, unanimously affirmed.

Defendant's argument that the court should have excused two jurors on its own initiative is meritless. Defendant now

urges that the jurors were "grossly unqualified" (CPL 270.35), but the claim was not advanced at the trial. In any event, we do not find that either juror " ' "possesse[d] a state of mind which would prevent the rendering of an impartial verdict" ' " *(People v Rodriguez,* 71 NY2d 214, 219, quoting *People v Buford,* 69 NY2d 290, 298, quoting *People v West,* 92 AD2d 620, 622 [dissenting opn], *revd on dissenting opn below* 62 NY2d 708). The first juror's concerns were "trivial" *(People v Rodriguez, supra,* at 219, n 2), and trial counsel's statement that he was willing to proceed with the second juror establishes to our satisfaction that the second was not "obviously" unqualified to reach a verdict. Moreover, as the court understood, its decision to give advice to the entire jury regarding the delays in the proceeding was reasonable.

Nor was trial counsel ineffective *(People v Baldi,* 54 NY2d 137). Defendant now urges that counsel should have moved to disqualify the two jurors, but the court's understanding that the two jurors were disturbed by the absence of the complainant shows that defendant is confusing a mere losing tactic with true ineffectiveness. *(People v Baldi, supra,* at 146).

We have also considered defendant's remaining arguments, including those raised in defendant's pro se supplemental brief, and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro and Rosenberger, JJ.